**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10149 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00245-PMP-LRL-1 |
| v. | |
| MARCELO GONZALEZ-MENDOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lawrence R. Leavitt, District Judge, Presiding

Submitted February 14, 2011[**]
San Francisco, California

Before: THOMPSON and TALLMAN, Circuit Judges, and TARNOW, Senior District Judge.[***]

Marcelo Gonzalez-Mendoza appeals the district court's imposition of a

forty-one month sentence following his decision to plead guilty pursuant to the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

terms of a plea agreement to violating 8 U.S.C. § 1326(a) (illegal re-entry by a deported alien). We have jurisdiction under 28 U.S.C. § 1291, and we dismiss Gonzalez-Mendoza's appeal.

The parties are familiar with the facts of the case so we do not repeat them here. In his plea agreement, Gonzalez-Mendoza waived the right to appeal his sentence unless the district court imposed a term of imprisonment above the applicable Sentencing Guidelines range agreed upon by the parties—forty-one to fifty-one months.[1] His challenge thus concerns a sentencing issue he plainly relinquished his right to appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) ("Our analysis begins with the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards.

---

[1] Specifically, Gonzalez-Mendoza agreed:

In exchange for the concessions made by the United States in this plea agreement, the Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline[s] range as determined by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742 . . . . The [D]efendant reserves the right to appeal any portion of the sentence that is an upward departure that is above the advisory Sentencing Guidelines range as determined by the parties.

Plea Memorandum at 3, United States v. Gonzalez-Mendoza, 2:09-cr-245-PMP-L (D. Nev. Dec. 23, 2009).

2

This customary reliance on contract law applies to interpretation of an appeals waiver within a plea agreement, and we will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." (internal citation and quotation marks omitted)).

Because the United States has raised a timely objection, and Gonzalez-Mendoza has not raised even an argument as to why the plea agreement should not be enforced, we see no cause to consider the merits of his appeal. *United States v. Jacobo Castillo*, 496 F.3d 947, 954 (9th Cir. 2007) (en banc) ("Ordinarily, if an appellant does not [expressly reserve his right to appeal an issue] and still raises such issues on appeal, the government objects and the court dismisses the appeal."); *Jeronimo*, 398 F.3d at 1152–53.

**DISMISSED.**